**N.A.S. IMPORT, CORPORATION,**
**Plaintiff,**

**Alentino, Ltd., Plaintiff–Appellant,**

**v.**

**CHENSON ENTERPRISES, INC.; Shu Chin Chen (a/k/a Margaret Chen) and Ken Lee, Defendants–Appellees.**

**No. 1602, Docket 92–7245.**

United States Court of Appeals,
Second Circuit.

Argued May 26, 1992.

Decided June 29, 1992.

**251**

Barton Denis Eaton, White Plains, N.Y., for plaintiff-appellant.

\* The Honorable Robert J. Kelleher, United States Senior District Judge for the Central District of

George Zeigler, New York City (Zeigler & Robinson, of counsel), for defendants-appellees.

Before: MINER and WALKER, Circuit Judges, and KELLEHER \*, District Judge.

WALKER, Circuit Judge:

Appellant Alentino, Ltd. ("Alentino") appeals from a final judgment of the United States District Court for the Southern District of New York (Hon. Louis J. Freeh, *Judge*) granting statutory damages, pursuant to 17 U.S.C. § 504, against Chenson Enterprises, Inc., and its owners Shu Chen and Ken Lee (hereinafter collectively referred to as "Chenson"). Previously, the district court found that Chenson had infringed Alentino's copyrighted buckle design, which both parties used on women's handbags. Alentino argues that the district court erroneously concluded that Chenson's infringement was not willful and, as a result, the court's calculation of statutory damages was misguided. Alentino also contends that the district court abused its discretion in awarding insufficient attorney's fees and denying Rule 11 sanctions against Chenson.

We agree with Alentino that the finding of the district court that Chenson did not act willfully was clearly erroneous. Therefore, we vacate the district court's award of statutory damages and remand for reconsideration in light of our conclusion. Because we have held that the amount of damages obtained is a factor to be considered by the district court in calculating an award of plaintiff's attorney's fees, we similarly vacate and remand for further proceedings on that point. However, we affirm the district court's denial of Rule 11 sanctions.

*Background*

Chenson operates a store that sells women's handbags. On October 12, 1989, stemming from Chenson's use of a particular buckle design on its stock of handbags,

California, sitting by designation.

Alentino filed a complaint against Chenson for copyright infringement. After a trial in the district court, Chief Judge Charles L. Brieant concluded that Chenson had infringed Alentino's copyrighted buckle. The district court ruled, however, that Chenson had successfully proven an accord and satisfaction defense.

This Court reversed the district court, determining that Chenson had failed to prove its defense of accord and satisfaction, and that Alentino should have been permitted to pursue its legal claims against Chenson. *Alentino, Ltd. v. Chenson Enterprises, Inc.*, 938 F.2d 26, 28 (2d Cir.1991) (per curiam). The case was remanded on the issue of damages and was subsequently transferred to Judge Louis J. Freeh.

In an amended opinion filed on February 26, 1992, the district court ordered that Chenson be permanently enjoined from using Alentino's copyrighted handbag ornament in any manner. Chenson was further ordered to pay Alentino damages in the amount of $2,648, plus interest from October 18, 1989. Finally, Chenson was ordered to pay Alentino $8,000 for attorney's fees, and $4,151.85 for costs. The district court denied Alentino's motion for sanctions pursuant to Fed.R.Civ.P. 11. This appeal followed.

### Discussion

#### A. Statutory Damages

■ In general, a copyright owner is entitled to recover the actual damages suffered, as well as any profits made by the defendant, that are the result of an infringement. 17 U.S.C. § 504(b). However, under § 504(c)(1) of the Act, an owner may elect to recover statutory damages in lieu of any other form of monetary relief. In the ordinary case of statutory damages, the Copyright Act sets the limits of possible recovery at not less than $500 and not more than $20,000. *Id.* at § 504(c)(1). However, when an owner proves that the defendant's infringement was "willful," the statute permits the court, in its discretion, to increase an award up to $100,000. *Id.* at § 504(c)(2). The Act states that a plaintiff may elect to receive statutory damages at any time before final judgment is entered. *Id.*

In determining an award of statutory damages within the applicable limits set by the Act, a court may consider " 'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind—whether wilful, knowing, or merely innocent.' " 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[B], at 14–41 (1991) (hereinafter *"Nimmer"*) (quoting *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn.1980)). The Supreme Court has stated that the "statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952).

■ We have held that for the purpose of awarding enhanced statutory damages under § 504(c)(2), an infringement is "willful" if the defendant had "knowledge that its actions constitute an infringement." *Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). This knowledge may be "actual or constructive." *Id.* In other words, it need not be proven directly but may be inferred from the defendant's conduct. *See, e.g. Fallaci v. New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y.1983).

While an infringement may not be willful when a party, despite warnings to the contrary, " 'reasonably and in good faith believes' " that its conduct is innocent, *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir.1988) (quoting *Nimmer* at § 14.04[B][3] ) this "analysis is subject to the corollary that reckless disregard of the copyright holder's rights (rather than actual knowledge of infringement) suffices to warrant award of the enhanced damages." *Id.; see also Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir.) ("willful" infringement where the infringer has acted in reckless

disregard of the copyright owner's rights), *cert. denied,* —— U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991); *International Korwin Corp. v. Kowalczyk,* 855 F.2d 375, 379–82 (7th Cir.1988) (same).

Turning to the case at hand, Alentino claims that Chenson was a willful infringer, and that the district court erred in finding to the contrary. The district court's ruling, in this regard, is a factual determination that we will not disturb unless it is clearly erroneous. *See Fitzgerald Publishing Co.,* 807 F.2d at 1115. For the following reasons, we conclude that the district court's finding that Chenson did not act willfully is clearly erroneous.

■ The district court's statement that "there is no evidence that Chenson acted willfully" is not supported by the record. To begin with, the fact that Chenson's buckle was identical to Alentino's (except for the embossing of their respective company names), taken in conjunction with the close proximity of Chenson's store to Alentino's store (one block away) strongly suggests that Chenson knowingly appropriated Alentino's buckle design, or at least was aware that its buckle sales would infringe those of its neighbor. In the *Fitzgerald Publishing Co.* case, we concluded that, as a result of his position in the publishing market as an experienced publisher, the defendant-printer had constructive notice of his own willful copyright infringement. *See id.* Similarly, as a seller of handbags in a market rife with knock-offs, it seems more likely than not that Chenson knew its stock of handbags was counterfeit.

In any event, Chenson cannot escape the fact that it continued to sell the infringing bags long after its own attorney wrote to Alentino representing that it would cease doing so. In August, 1989, shortly after receiving the first of a number of letters in which Alentino charged Chenson with infringement, Chenson retained a lawyer. On August 22, 1989, Chenson's attorney wrote to Alentino that his clients would "not import or sell any more of the items." However, the infringing bags were not removed from Chenson's shelves until October 13, 1989.

The district court found that Chenson's delay in removing the bags from the store's shelves was excused by its principals' limited command of English. The court stated that Chenson might not have initially understood the import of Alentino's correspondence and thus, "[u]nder the circumstances, it was not unreasonable for Chenson to wait until it had signed Alentino's [fourth] formal demand letter to stop selling the infringing bags." We disagree.

While this language barrier might account for some initial confusion, that excuse evaporated once Chenson hired an attorney and communicated with Alentino on August 22. Although Chenson's attorney did not concede liability in his August 22 letter, we think that, as of its mailing, Chenson could no longer argue that it "reasonably and in good faith" believed that its conduct did not constitute infringement or, at the very least, that its continued sales were not in reckless disregard of Alentino's rights. *Cf. International Korwin Corp.,* 855 F.2d at 380–81 (discussing continued disregard of warning letters as grounds for finding willful infringement). Certainly, the lawyer's letter was an evidentiary basis from which the inference was inescapable that Chenson had constructive knowledge that its actions constituted copyright infringement. *See Fitzgerald Publishing Co.,* 807 F.2d at 1115.

Accordingly, we reverse the district court's finding that Chenson's infringement was not willful, and vacate the statutory damages award. While we remand this issue to the district court for reconsideration of statutory damages, we note that it still remains within the district court's discretion, in light of Chenson's willfulness, to decide whether or not to enhance its award of statutory damages in this case. *See* 17 U.S.C. § 504(c)(2).

**B. Attorney's Fees**

■ The Copyright Act provides that the award of attorney's fees is within the sound discretion of the court. Section 505 of the Act states that "the court in its discretion may allow the recovery of full costs by or against any party ... [and]

may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Because the Copyright Act intended to encourage suits to redress infringement, "fees are generally awarded to a prevailing plaintiff." *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir.1986). *See also Diamond v. Am–Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984). In deciding a reasonable attorney's fee, courts should "consider the amount of work, the skill employed, damages at issue, and the result achieved." *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir.1983) (per curiam). This award "assures equal access to courts, provides an economic incentive to challenge infringements, and penalizes the losing party." *Id.*

Alentino argues that the court's award of only $8,000 out of the $19,110 in legal fees that it claimed to have incurred, was an abuse of discretion. We disagree. In arriving at its award, the district court considered the *Oboler* factors and reached a result well within the bounds of its discretion. However, because the amount of damages awarded is a factor that may be considered in arriving at an appropriate award of attorney's fees, and since we are remanding the case for a reconsideration of statutory damages, we also vacate the attorney's fee award for recalculation, if any, upon reconsideration of the damage award. *See, e.g., id.; Fitzgerald Publishing Co.*, 807 F.2d at 1119.

C. Rule 11 Sanctions

■ Alentino requests that this court review the district court's denial of Rule 11 sanctions. Alentino argues that because Chenson's counsel first represented to the district court that Chenson was a Florida corporation, and then subsequently corrected that statement when Alentino discovered that the Florida corporation had, in fact, become defunct, he deliberately misrepresented Chenson's corporate status in order to make Chenson's principals judgment proof. The district court denied sanctions, finding that counsel's false representations were inadvertently made.

The Supreme Court has instructed the courts of appeals to review Rule 11 determinations, both as to law and as to fact, for abuse of discretion only. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshall the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.* at 402, 110 S.Ct. at 2459. In view of this direction, we think that the district judge was best able to determine the nature of counsel's representation. We find no abuse of discretion here.

*Conclusion*

The judgment of the district court regarding Chenson's willful infringement is reversed, the statutory damage and attorney fee awards are vacated, and the case is remanded for further proceedings in accordance with this opinion. The district court's denial of Rule 11 sanctions is affirmed.

Affirmed in part; reversed in part; vacated and remanded.