**SCHWARTZ–LIEBMAN TEXTILES, A DIVISION OF CRANSTON PRINT WORKS COMPANY, Plaintiff,**

v.

**LAST EXIT CORP., Funny Expression Inc. and Cherry Hill Textiles, Inc., Defendants.**

**No. 91 Civ. 3217 (MBM).**

United States District Court, S.D. New York.

Dec. 2, 1992.

---

Bernard A. Helfat, Helfat & Helfat, New York City, for plaintiff.

## ORDER

MUKASEY, District Judge.

The above-captioned case having been referred to Magistrate Judge Sharon E. Grubin on August 28, 1991 to conduct an inquest to determine the amount of damages to be awarded to the plaintiff against defendant Cherry Hill Textiles, Inc. and to issue a report and recommendation as to her findings, Magistrate Judge Grubin having filed and sent to the parties on November 5, 1992 her report and recommendation, and the Court having received no objection to that report, the Court affirms and adopts Magistrate Judge Grubin's Report and Recommendation dated November 5, 1992. Plaintiff is to submit a judgment against defendant Cherry Hill Textiles, Inc. in the amount of $20,000.00.

SO ORDERED.

1. Plaintiff's original complaint, filed May 13, 1991, named clothing manufacturer Last Exit Corp. as the sole defendant. The specific infringement alleged therein involved a garment that bore a label with Last Exit Corp.'s "RN" number. According to the affidavit of plaintiff's attorney attached to plaintiff's motion for default

## REPORT AND RECOMMENDATION TO THE HONORABLE MICHAEL B. MUKASEY

GRUBIN, United States Magistrate Judge:

On August 28, 1991, the court entered a default judgment in this case brought under the Copyright Act against Cherry Hill Textiles Inc. referring the determination of damages to me. I held a hearing on September 30, 1991 at which testimony by plaintiff Schwartz–Liebman Textiles was taken, and plaintiff thereafter submitted further evidence. The defendant did not appear for the hearing or make any submissions, despite notice and opportunity to do so. Plaintiff requests an award of $20,000, which I find appropriate for the reasons in my proposed findings of fact and conclusions of law set forth below.

■ A default judgment entered on well-pleaded allegations of a complaint establishes a defendant's liability. The allegations are to be accepted as true, except those relating to the amount of damages. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981); *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974); *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 69–70 (2d Cir.1971), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

■ Plaintiff is a New York textile converter, which prepares and produces designs printed on fabric for garment manufacturers and others. Since February 16, 1990, plaintiff has sold printed textiles bearing the "Minton 4397–11361" design, created by plaintiff's design studio, to garment manufacturers and others. On March 13, 1990, plaintiff registered a copyright in the design. According to the second amended complaint, defendant Cherry Hill Textiles Inc., without plaintiff's consent, thereafter manufactured, sold and distributed fabrics imprinted with a design copied from and substantially similar to the "Minton 4397–11361," thereby infringing plaintiff's copyright.[1]

judgment, plaintiff then learned from Last Exit that the "RN" number was erroneous, that Last Exit had nothing to do with the garment, and that the garment had been manufactured by Funny Expression, Inc. On May 21, 1991, plaintiff filed an amended complaint adding Funny Expression as a defendant. Plaintiff then learned

The Copyright Act provides a copyright owner with the option of recovering (1) the copyright owner's actual damages and any additional profits of the infringer or (2) statutory damages, often referred to as "in lieu" damages, of between $500 and $20,000 per infringed work. 17 U.S.C. §§ 504(a), 504(c)(1).[2] A key reason for the alternative statutory damage provision is so that a copyright owner will not be prevented from a recovery simply because actual amounts may not be ascertainable due to an infringer's success in hiding records of its illegal activities. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952); *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F.Supp. 730, 732 (S.D.N.Y.1981). Moreover, "[t]he broad discretionary power given courts to make such an award serves the dual purposes of the Copyright Act: to compensate copyright owners and to provide a deterrent for would-be infringers." *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F.Supp. at 733. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S.Ct. 222, 225; *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct]." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. at 233, 73 S.Ct. at 225. In recognition of the indefinite nature of the evidence it has presented, plaintiff has elected to recover statutory damages.

Plaintiff has submitted no direct evidence of Cherry Hill's revenues or profits on the infringing fabric or of sales lost by plaintiff as a result of the infringing activity. Joseph Bostany, plaintiff's President, testified at the hearing, and plaintiff has also submitted an affidavit from Joseph Brodie, the President of JBJ Fabrics Inc. These executives, with over 80 years' combined experience in the textile converting business, each estimated that a small fabric converter such as Cherry Hill would have to produce a minimum "run" of 25,000 yards of fabric per pattern to operate profitably. Messrs. Bostany and Brodie also estimated that Cherry Hill's manufacturing costs would be $2.38 per yard, it would need to charge an additional 20% to cover overhead and "financing costs," and its profit on the manufacture and sale of 25,000 yards of fabric would therefore come to approximately $12,500. Although without evidence of actual sales such estimates would be too speculative to support an award of "actual damages and profits" under § 504(b), they shed some light on the range of appropriate statutory damages that should be awarded for Cherry Hill's infringing activity. For purposes of determining statutory damages under § 504(c), it is reasonable to assume that Cherry Hill manufactured its infringing fabric in at least such a minimum quantity. It is therefore further likely that its activities have decreased plaintiff's profits and are likely to continue to do so, either by directly displacing sales or by otherwise undermining or complicating plaintiff's business relations with garment manufacturers. Given these reasonable assumptions and given a reasonable estimate of profit by Cherry Hill on simply one run of the pattern of $12,500, in view of the likely magnitude of Cherry Hill's infringing conduct and "as a deterrent for would-be infringers," *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F.Supp. at 733, I recommend based on the admissible evidence and pleadings that plaintiff be awarded $20,000 in statutory damages, the maximum amount permitted under 17 U.S.C.

that Funny Expression had manufactured the garment with fabric obtained from Cherry Hill Textiles, whom plaintiff added as another defendant in its second amended complaint, served on Cherry Hill June 27, 1991. According to counsel, Funny Expression made a token payment to plaintiff, presumably in settlement of plaintiff's claims against it. However, neither Last Exit nor Funny Expression has yet been dismissed from this action.

**2.** If the second option is chosen, the award of statutory damages may be increased up to a maximum of $100,000 if infringement was committed willfully. 17 U.S.C. § 504(c)(2). Plaintiff has not sought to establish that Cherry Hill acted willfully.

§ 504(c)(1).[3]

---

**3.** Plaintiff does not seek an award of attorney's fees.