**Lynn Lawrence (Larry) SCHMIDT, Plaintiff,**

v.

**HOLY CROSS CEMETERY, INC., a Kansas corporation, Norbert C. Hay and Joseph Schmidt, Defendants.**

**No. 92–2436–JWL.**

United States District Court, D. Kansas.

Dec. 29, 1993.

---

Don M. Bradley, Michael B. Hurd, Joseph Rebein, Basil Trent Webb, Shook, Hardy & Bacon, Kansas City, MO, for plaintiff.

Michael Yakimo, Jr., D.A.N. Chase, Chase & Yakimo, Richard P. Stitt, Overland Park, KS, Kevin R. Holloway, Wichita, KS, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

#### I. Introduction

This is an action for infringement of plaintiff's federally registered copyright in violation of copyright laws of the United States, 17 U.S.C. § 101 et seq. The case involves the alleged infringement of plaintiff's copyright to the plat of the Holy Cross Cemetery located in Hays, Kansas.

Plaintiff created a plat for the Holy Cross Cemetery showing an arrangement for potential burial sites on the land owned by the defendant cemetery corporation. The copyright on this plat was registered by plaintiff and a Certificate of Copyright Registration was issued to the plaintiff by the United States Copyright Office on December 6, 1991. Plaintiff contends that without right, license or assignment, defendants, jointly and severally, willfully infringed plaintiff's copyright by filing his finalized plat with the Ellis County Register of Deeds and keeping it on file after notification that plaintiff had a copyright on the finalized plat and did not consent to its use. Plaintiff also contends that defendants again willfully infringed on plaintiff's copyright when defendant Hay created a derivative work of the plat map of the Holy Cross Cemetery, which was also subsequently filed with the Ellis County Register of Deeds.

A trial to the court was held in this matter on December 21, 1993. After considering the evidence in this case, the court finds that defendants willfully infringed on plaintiff's copyright both by their continued use of plaintiff's original copyrighted plat following notice from plaintiff that he did not consent to its use and by their use of the plat created by defendant Hay, which the court finds to be a derivative work of the original plat created by plaintiff. The court finds defendants jointly and severally liable to plaintiff for statutory damages in the amount of $25,000.00 plus attorney's fees.

Pursuant to Fed.R.Civ.P. 52(a), the court makes the following findings of fact and conclusions of law.

#### II. Findings of Fact

1. In 1989, plaintiff and defendants Hay and Schmidt held a series of meetings for the purpose of jointly establishing a cemetery business on a tract of land near Hays, Kansas.

2. Later in 1989, plaintiff drafted a rough outline of a plat depicting the proposed cemetery.

3. Throughout 1989 and 1990, construction work progressed at the cemetery site, including weed control, the building of roads and the construction of limestone and iron gates.

4. At some point in 1991 or 1992, plaintiff and defendants Hays and Schmidt incorporated Holy Cross Cemetery, Inc., for the purpose of operating a cemetery business for profit.

5. In August and September of 1991, plaintiff did surveying work at the cemetery and staked out the sites for the proposed gravesites. Following this work, plaintiff prepared a finalized plat for the cemetery.

6. Plaintiff distributed copies of the finalized plat to defendants Hay and Schmidt. In doing so, however, plaintiff did not convey any permission for the use of the finalized plat by defendants.

7. On December 6, 1991, plaintiff obtained federal registration of the copyright of his finalized plat pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Plaintiff complied with all the formalities of the application process.

8. On July 6, 1992, defendant Schmidt filed a copy of plaintiff's finalized plat with the Ellis County Register of Deeds. The filing of a plat was required before Holy Cross Cemetery, Inc. could legally commence its cemetery business. Defendant Schmidt was instructed to file the plat by defendant Hay.

9. The copy of the finalized plat filed by defendant Schmidt did not contain any notice of plaintiff's copyright. The court finds that defendants Schmidt and Hay did not have notice that plaintiff had obtained a copyright on the finalized plat at the time they filed it with the Ellis County Register of Deeds.

10. Upon learning of defendants' filing of the finalized plat with the Ellis County Register of Deeds, plaintiff mailed written notice to defendants Hay and Schmidt informing them that the finalized plat was registered with the United States copyright office and that any use or reproduction of the plat without the written consent of plaintiff would constitute copyright infringement.

11. Plaintiff's finalized plat remains on file with the Ellis County Register of Deeds.

12. Plaintiff's expert witness, Ed Carpenter, testified that the value of the plat as a completed and filed product is $25,000. Moreover, he testified that having a plat on file increased the value of the land by over $73,000. Nothing unique about this particular plat, however, enhanced the land value over and above what having any legal plat on file would have accomplished.

13. Plaintiff spent between 80 and 100 hours preparing the finalized plat. Plaintiff billed Holy Cross Cemetery, Inc. $3200.00 for this particular work, which amount was never paid by the corporation. Plaintiff is not an engineer.

14. The plaintiff ascertained that the cost for an engineering firm to produce a finalized plat would be approximately $15,000.00. Of this amount, approximately $10,000.00 to $11,000.00 would consist of the actual preparation of the finalized map of the plat. The remainder would consist of the cost of surveying and staking the gravesites. Based on plaintiff's testimony, the $10,000 to $11,000 figure would have covered the cost for the engineering firm to have gone out to the cemetery site and prepare a plat based upon the actual layout on the ground without reference to plaintiff's work product.

15. In early 1993, after the Holy Cross Cemetery had been constructed and after this action had been commenced and defendants were aware of their possible copyright infringement, defendant Hay created a second plat depicting the layout of the cemetery. Defendant Hay had plaintiff's finalized plat in front of him as he drafted the second plat, and defendant Hay's plat and plaintiff's finalized plat are nearly identical.

16. The court finds from all the evidence that defendant Hay copied from plaintiff's finalized plat and that defendant Hay's plat was a derivative work based upon plaintiff's copyrighted finalized plat.

17. On February 23, 1993, defendant Schmidt filed defendant Hay's second plat with the Ellis County Register of Deeds. Plaintiff did not authorize or consent to this filing. This second plat remains on file with the Ellis County Register of Deeds.

18. The court finds that both the defendant's continued use of plaintiff's original finalized plat on file with the Ellis County Register of Deeds after notice from the plaintiff that use of the plat was not authorized and defendants' creation and filing of the derivative plat were willful copyright violations.

*III. Conclusions of Law*

1. To prove a claim of copyright infringement, a plaintiff must prove the following: (1) the originality and authorship of the work; (2) compliance with the formalities required to secure a copyright under the Copyright Act; (3) plaintiff's ownership of the copyright of the relevant work; (4) defendants' public display of the work; and (5) defendants' failure to obtain permission from the plaintiff for such display. *Songmaker v. Forward of Kansas, Inc.,* 1993 WL 106833 (D.Kan.1993); *Chi–Boy Music v. Towne Tavern, Inc.,* 779 F.Supp. 527, 529 (N.D.Ala. 1991); *Ackee Music, Inc. v. Williams,* 650 F.Supp. 653, 655 (D.Kan.1986).

2. The copy of his copyright registration certificate on the finalized plat submitted by plaintiff "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). The certificate, therefore, constitutes prima facie evidence establishing the first three elements of a copyright infringement. *See Chi–Boy Music,* 779 F.Supp. at 529–30. The defendants presented no evidence to rebut this showing.

3. Defendants do not qualify as the proper owners of the copyright under the "work made for hire" exception to copyright protection. Under this exception, if the work

834

is made for hire, "the employer or other person for whom the work was prepared is considered the author...." 17 U.S.C. § 201(b). The term "work made for hire" is defined in the Copyright Act as either (1) a work prepared in the scope of an employee's employment; or (2) a work "specially ordered or commissioned for use as a contribution to a collective work...." 17 U.S.C. § 101. Plaintiff was not an employee of Holy Cross Cemetery, Inc., nor did the parties enter a written agreement that could make plaintiff's finalized plat a specially-commissioned work. *See* 17 U.S.C. § 101(2); *Oddo v. Ries,* 743 F.2d 630 (9th Cir.1984). Thus, plaintiff is, as a matter of law, the proper author of the finalized plat and the lawful owner of the copyright in the finalized plat.

4. Defendant Schmidt's filing of plaintiff's finalized plat with the Ellis County Register of Deeds constituted a public display pursuant to 17 U.S.C. § 101.

5. Defendants cannot counter plaintiff's prima facie case of copyright infringement by asserting the affirmative defense of "fair use" provided for in 17 U.S.C. § 107. The four factors to be evaluated by the court in determining fair use are: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion of the work used in relation to the work as a whole; and (4) the effect of the use on the potential market for or value of the work. 17 U.S.C. § 107; *see also Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 560–61, 105 S.Ct. 2218, 2230–31, 85 L.Ed.2d 588 (1985). Each of the four factors weighs against a finding of fair use by defendants.

6. In determining whether a work is a derivative work, the central issue that presents itself is whether the work is a copy of plaintiff's work or whether it is an independently created work. *See, e.g., Costello, Erdlen & Co. v. Winslow, King, Richards & Co.,* 797 F.Supp. 1054, 1064 (D.Mass.1992); *Direct Marketing of Virginia, Inc. v. E. Mishan & Sons, Inc.,* 753 F.Supp. 100, 104 (S.D.N.Y.1990). The overwhelming weight of the evidence, including defendant Hay's acknowledgement in his testimony presented at

trial by deposition that he referred to plaintiff's finalized plat and had a copy of it in front of him when he created his plat and the substantial similarity between plaintiff's finalized plat and the plat created by defendant Hays, lead the court to conclude that defendant Hay's plat was a derivative work from plaintiff's original finalized plat.

7. Among the exclusive rights bestowed upon the owner of a federally registered copyright is the right to display the copyrighted work publicly. 17 U.S.C. § 106(5). Any person who violates this exclusive right of a copyright owner is an infringer of the copyright. 17 U.S.C. § 501(a). Additionally, an infringing use of a work which itself infringes a copyright also constitutes an infringement of the underlying copyright. *See Uneeda Doll Co. v. Regent Baby Products Corp.,* 355 F.Supp. 438 (E.D.N.Y. 1972). Thus, both the continued filing of plaintiff's original finalized plat with the Ellis County Register of Deeds following notice from the plaintiff that the plat was copyrighted and that plaintiff did not authorize its use, and the later filing of defendant Hay's derivative work, constitute infringement of the underlying copyright.

8. In order for defendants to be held individually liable for copyright infringement, it is necessary that each defendant be personally involved in or had the ability to supervise and direct the infringing activity. *See RSO Records, Inc. v. Peri,* 596 F.Supp. 849, 858 (S.D.N.Y.1984). The liability of Holy Cross Cemetery, Inc. is not in dispute. Further, the court finds that defendant Schmidt is personally liable because he participated directly in the act of filing the plats. *See American Airlines v. Christensen,* 967 F.2d 410, 417 (10th Cir.1992). The court further finds that defendant Hay is personally liable because he instructed defendant Schmidt to file plaintiff's original finalized plat, thus satisfying the standard for imposing vicarious tort liability, and he was responsible for the preparation of the derivative plat. *Id.*

9. A copyright infringement is "willful" if the infringer knows its conduct is infringing or if the infringer has acted in

reckless disregard of the copyright owner's rights. *Video Views, Inc. v. Studio 21 Ltd.,* 925 F.2d 1010, 1020 (7th Cir.1991). The willfulness of a copyright infringement may be actual or constructive and it need not be proven directly but may be inferred from the infringer's conduct. *N.A.S. Import Corp. v. Chenson Enter., Inc.,* 968 F.2d 250, 252 (2nd Cir.1992). Willfulness may be demonstrated where the infringer is provided written or oral notice of its infringing conduct by the copyright owner, yet "pass[es] the matter off as a nuisance." *International Korwin Corp. v. Kowalczyk,* 855 F.2d 375, 381 (7th Cir. 1988).

■ 10. The court concludes that both the defendants' continued use of plaintiff's original plat on file with the Ellis County Register of Deeds after notice from the plaintiff that use of the plat was not authorized and defendants' creation and filing of the derivative plat were willful copyright violations.

11. In general, a copyright owner is entitled to recover the actual damages suffered, as well as any profits made by the defendant, that are the result of an infringement. 17 U.S.C. § 504(b). However, under 504(c)(1) of the Act, an owner may elect to recover statutory damages in lieu of any other form of monetary relief. In the ordinary case of statutory damages, the Copyright Act sets the limits of possible recovery at not less than $500 and not more than $20,000 *Id.* at 504(c)(1). However, when an owner proves that the defendant's infringement was "willful," the statute permits the court, in its discretion, to increase an award up to $100,-000.00. *Id.* at 504(c)(2). The Act states that a plaintiff may elect to receive statutory damages at any time before final judgment is entered. *Id.*

■ 12. The Court's discretion and sense of justice are controlling as to the sum of statutory damages to award within the given parameters. *D.C. Comics, Inc. v. Mini Gift Shop,* 912 F.2d 29, 34 (2nd Cir.1990). Some of the factors which a court may consider in determining the amount of statutory damages include the expenses saved by the defendants in connection with the infringements, the revenues lost by plaintiff as a result of defendants' conduct, the infringer's state of mind, and wrongfully acquired gains or unjust enrichment of the defendants. *See, e.g. N.A.S. Import Corp. v. Chenson Enterprises, Inc.,* 968 F.2d 250, 252 (2nd Cir.1992). The Supreme Court has stated that the "statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

■ 13. The court concludes that an award of statutory damages in the total amount of $25,000.00 satisfies the applicable considerations here. In arriving at that amount the court has considered that the defendant was saved from $3,200.00 to some $11,000.00 in expenses which they would have incurred by paying plaintiff's bill, on the one hand, or hiring their own engineer to prepare a plat of the already established cemetery property, on the other. The court also has considered the loss in revenue to plaintiff of the $3,200.00 which he billed and the unjust enrichment of the defendants in the amount of the value attached by plaintiff's expert to the completed and filed plat, $25,000.00. In selecting the $25,000.00 figure over the lower figures for the expenses saved, the court has considered the defendants' state of mind in willfully infringing on plaintiff's copyright. The court's sense of justice does not lead it to award damages as a result of any claimed enhancement of the value of the land. This is particularly so because there is no special quality to this plat over any other which defendants could procure and because of the court's continuing the injunction in place in the event the award of monetary damages is not satisfied within thirty days of the date of the court's ultimate order awarding attorney's fees, as set forth below. Moreover, the court believes that the objective of deterrence is satisfied by awarding defendant damages in an amount approximately eight times the amount he actually billed for the plat and more than double the amount it would have cost defendants to obtain a suitable plat from the engineering firm.

14. The plaintiff seeks to continue in place the injunction issued by the court in the November 2, 1993, Memorandum and Order against defendants' continuing infringement by leaving the plat on file with the Ellis County Register of Deeds. In fact, defendants failed to abide by that order in that they neither secured removal of the plat by December 1, 1993, nor provided a written showing to the court why that could not be done.

In determining whether injunctive relief is appropriate, the court must consider whether the moving party will suffer irreparable injury unless the injunction issues, whether the threatened injury to the moving party outweighs whatever damage the proposed induction may cause the opposing party and whether the injunction, if issued, would be adverse to the public interest. *See Seneca–Cayuga Tribe v. State ex rel. Thompson,* 874 F.2d 709, 716 (10th Cir.1989). A permanent injunction will not ordinarily lie absent a showing of the threat of continuing or additional infringement. *Dolori Fabrics, Inc. v. Limited, Inc.,* 662 F.Supp. 1347, 1358 (S.D.N.Y.1987). The court finds no evidence of any harm to the public if an injunction is ordered. Further, damage to the plaintiff if defendants are allowed to continue to use his copyrighted plat with no compensation outweigh whatever damage an injunction may cause defendants. As to the irreparable injury issue, in copyright cases courts frequently consider whether a plaintiff has an adequate remedy at law. *See American Chemical Society v. Dun–Donnelley Publishing Corporation,* 202 U.S.P.Q. 459, 1979 WL 1064 (N.D.Ill.1979). In this case, the court concludes that plaintiff has an adequate remedy at law in that his damages are readily calculable, and if defendants pay plaintiff the damages ordered here, plaintiff will have received a more than fair and equitable payment for the use of his work. However, to be an adequate legal remedy, damages must be not only readily calculable but also collectible. *See BeerMart, Inc. v. Stroh Brewery Co.,* 633 F.Supp. 1089 (N.D.Ind.1986), *rev'd on other grounds* 804 F.2d 409; *see also Roland Machinery Co. v. Dresser Indus.,* 749 F.2d 380, 386 (7th Cir.1984); *Apollo Technologies v. Centrosphere Indus.,* 805 F.Supp. 1157 (D.N.J.1992). In the present case there have been indications that the defendants are in a poor financial condition and the court concludes it is quite possible that defendants will not be able to satisfy the judgment ordered here. Accordingly, the court will leave the present injunction in place, but will modify it by staying its effect until the date thirty days after the date upon which the court files its order setting the amount of attorney's fees awarded. If the judgment for the plaintiff, including damages, costs, attorney's fees and interest thereon, if any, remains unsatisfied as of that date, the plaintiff may apply to the court for an order that the injunction shall then take on its full force and effect, defendants being required to remove the plat from the Ellis County Register of Deeds immediately or to show good cause why they should not be cited for contempt of court. If the judgment is satisfied in full by the date in question, plaintiff shall apply to the court for an order dissolving the injunction.

15. The plaintiff is entitled to an award of reasonable attorney's fees as part of the costs of this action. 17 U.S.C. § 505 (1993); *Rural Telephone Service Co. v. Feist Publications, Inc.,* No. 83–4086–R, 1992 WL 160890 (D.Kan. June 18, 1992). The amount shall be set upon plaintiff's compliance with D.Kan.Rule 220.

## IV. Conclusion

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendants are jointly and severally liable to plaintiffs in the amount of $25,000.00 in statutory damages for copyright infringement violations.

**IT IS FURTHER ORDERED THAT** the injunction issued by the court in its November 2, 1993 Memorandum and Order shall continue in place, but is modified to the extent that the court hereby stays its effect until the date thirty days after the date upon which the court files its order setting the amount of attorney's fees awarded. If the judgment for the plaintiff, including damages, costs, attorney's fees and interest thereon, if any, remains unsatisfied as of that date, the plaintiff may apply to the court for an order that the injunction shall then take

on its full force and effect, defendants being required to remove the plat from the Ellis County Register of deeds immediately or to show good cause why they should not be cited for contempt of court. If the judgment is satisfied in full by the date in question, plaintiff shall apply to the court for an order dissolving the injunction.

IT IS FURTHER ORDERED THAT plaintiff shall be awarded attorney's fees. The amount of attorney's fees shall be set upon plaintiff's compliance with D.Kan.Rule 220.

IT IS SO ORDERED.