Jan Randolph MARTIN, Plaintiff,

v.

THE CITY OF INDIANAPOLIS,
Defendant.

No. IP 96–330 C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 16, 1998.

Scott Hodes, Ross & Hardies, Chicago, IL, Jennifer E. Matthews, Martinsville, IN, for Plaintiff.

Brian W. Welch, McHale Cook & Welch, Indianapolis, IN, for Defendant.

Before Chief Judge Sarah Evans Barker.

### ENTRY

BARKER, Chief Judge.

In an entry dated October 3, 1997, the Court entered summary judgment in favor of Plaintiff, Jan Martin ("Martin") on his copyright claim under the Visual Artists Rights Act, 17 U.S.C. § 106A(a), ("VARA"), against Defendant, the City of Indianapolis ("the City"). At that time, the Court reserved a final ruling, instructing the parties to brief the issue of the appropriate damages to be awarded. On December 23, 1997, Martin moved, pursuant to 17 U.S.C. §§ 504(c) and 505, for an award of statutory damages in the amount of $100,000, as well as costs and attorney's fees incurred in this matter. On February 10, 1998, the City responded that Martin is entitled to a maximum of $20,000 in statutory damages because the infringement was not willful and further, that Martin is not entitled to full costs and attorney's fees. For the reasons set forth below, we hereby award Martin $20,000 in statutory damages and also award costs and reasonable attorney's fees in an amount to be determined by the Court.

### DISCUSSION

■ All civil remedies for copyright infringement granted under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. (the "Copyright Act"), are available to plaintiffs who bring suit under § 106A(a). See Carter v. Helmsley–Spear, Inc., 71 F.3d 77, 83 (2d Cir.1995). The Copyright Act provides that a prevailing plaintiff may elect an award of statutory damages in place of actual damages at any time prior to the entry of final judgment. See 17 U.S.C. § 504(c)(1). When the plaintiff elects statutory damages, the Court may award such damages in an amount not less that $500 and not more than $20,000, "as the Court considers just." See 17 U.S.C. § 504(c)(1). In the event that the plaintiff can prove that the infringement was "willful," the Court may award statutory damages in an amount not to exceed $100,000. See 17 U.S.C. § 504(c)(2). In addition to actual or statutory damages, the Court in its discretion may award full costs and reasonable attorney's fees to the prevailing party. See 17 U.S.C. § 505. Recovery of statutory damages and attorney's fees for claims brought under § 106A(a) does not require copyright registration. See 17 U.S.C. § 412.

#### Statutory Damages

Martin asserts that the City's infringement was willful, entitling him to an award of $100,000, the statutory maximum. Martin contends that the City deliberately destroyed the sculpture created by Martin, entitled Symphony # 1, although having notice of Martin's artistic rights and, in doing so, wilfully infringed Martin's rights. See Plaint. Mot. Br. at 4–5. Martin cites the parties' contractual agreement, as embodied in the Project Agreement signed November 5, 1984, which identified Martin as the "owner of the sculpture." See Plaint. Mot. Br. at 4; Summ. Judg. Entry at 22. The contract required the City to give Martin 90 days' written notice to remove the sculpture, which agreement the City violated by destroying the sculpture without any notice to Martin. See Plaint. Mot. Br. at 4–5; Summ. Judg. Entry at 25. Martin contends that the City knew of his contractual rights and that he had contacted the City several times about his rights under the contract concerning the

sculpture. *See* Plaint. Mot. Br. at 4–5. Thus, Martin argues that the City's blatant disregard for his contractual rights and ownership rights in Symphony #1 warrants a finding of willful infringement. *See* Plaint. Rep. Br. at 3.

The City responds that Martin bears the burden of proving willful infringement and that he has failed to produce evidence that the City knowingly violated Martin's rights under copyright law. *See* Def. Resp. Br. at 2. The City maintains that "wilfulness" for purposes of copyright infringement requires an intent to infringe. *See* Def. Resp. Br. at 10. According to the City, Martin "incorrectly equates intentional conduct with a willful infringement." Def. Resp. Br. at 10. The City argues that, while "reckless disregard" of copyright law is another standard of willfulness, reckless disregard requires awareness just short of actual knowledge, such as constructive knowledge or a prior history of knowing infringement. *See* Def. Resp. Br. at 13. Because Martin has failed to prove that the City had knowledge of VARA and Martin's integrity rights thereunder or that the City recklessly disregarded Martin's VARA rights, the City asserts that Martin is entitled to statutory damages in an amount not to exceed $20,000, the statutory maximum for infringement that is not willful. *See* Def. Resp. Br. at 14–15.

█ The determination of the amount of statutory damages is within the sound discretion of the Court, subject only to the statutory minimum and maximum. *See* 17 U.S.C. § 504(c)(1); *Chi–Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir.1991). Similarly, the Court's finding of willfulness is an issue of fact that will be upheld unless it is clearly erroneous. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir.1994) (quoting *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 380 (7th Cir.1988)). The prevailing plaintiff seeking enhanced statutory damages bears the burden of proving that the infringement was committed willfully. *See* 17 U.S.C. § 504(c)(2).

█ The Copyright Act does not define "willfully" as used in § 504. *See* 17 U.S.C. § 504; *International Korwin Corp. v. Kow-*

*alczyk*, 855 F.2d 375, 380 (7th Cir.1988). However, as one commentator asserts: "It seems clear that as here used, 'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement." 4 *Nimmer on Copyrights* § 14.04[B][3] at 14–59. Thus, intentional *conduct* does not seem to be enough to support a finding of willfulness; there must be intentional *infringement*. The Seventh Circuit follows this view, stating:

> [A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's rights.

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir.1994). Thus, under the Seventh Circuit's approach, actual knowledge is not required, for constructive knowledge or reckless disregard will also support a finding of willful infringement. *See also N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252–253 (2d Cir.1992) (constructive knowledge and reckless disregard constitute willfulness).

In *Wildlife*, the Seventh Circuit explained further:

> Evidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness.

*Wildlife*, 18 F.3d at 512 (citation omitted). It seems clear from these statements of law that in order to establish willfulness, the plaintiff must prove that the defendant knew or had some reason to know that the defendant's actions constituted infringement, whether through past infringement activity and lawsuits or direct notice from the plaintiff or some other acceptable form of notice. Although the parameters of what constitutes willfulness for purposes of § 504(c)(2) have not been developed fully (*see International Korwin*, 855 F.2d at 380) (citing *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir.1986)), the facts of this case do not require us to create a more comprehensive standard.

Martin does not contend that the City had actual knowledge or notice of the fact that Martin enjoys artist's integrity rights under VARA; rather, Martin argues that the City had notice of Martin's contractual rights and ownership rights in Symphony # 1, by virtue of (1) the Project Agreement granting Martin certain rights as the owner of the sculpture and (2) letters Martin sent to the City regarding removal of the sculpture. *See* Plaint. Mot. Br. at 4–5. However, while the City certainly had notice of Martin's contractual rights and ownership rights, these rights are not the same as Martin's rights under VARA. Martin does not assert that the City knew about the existence of VARA or that Martin gave the City notice of his rights under copyright law or that the City recklessly disregarded such rights; Martin maintains instead that the City recklessly disregarded his contractual and ownership rights.[1]

■ The enhanced statutory damages available under § 504(c)(2) represent, at least in part, a punitive measure or deterrence for deliberate copyright infringement, "to prove that is costs less to obey the copyright laws than to violate them," and to teach that "one who undertakes a course of infringing conduct may neither sneer in the face of the copyright owner nor hide its head in the sand like an ostrich." *Wildlife,* 18 F.3d at 514 (citations omitted). Because Martin has not produced evidence showing that the City had knowledge or reason to know that Martin's interest in Symphony # 1 was protected by copyright law, we find that Martin has not established that the City willfully infringed his rights under VARA. Thus, we find that Martin cannot recover enhanced statutory damages provided in § 504(c)(2) for willful infringement.

■ Having found that Martin's statutory damages are limited to a minimum of $500 and a maximum of $20,000, we must now determine the proper measure of damages. "Statutory damages may serve purposes tra-

ditionally associated with legal relief, such as compensation and punishment." *Feltner v. Columbia Pictures Television, Inc.,* —— U.S. ——, 118 S.Ct. 1279, 1287, 140 L.Ed.2d 438 (1998). In deciding the proper amount of statutory damages to award, the court enjoys wide discretion in determining what is just and may consider, among other things, "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229 (7th Cir.1991).

■ We conclude that Martin is entitled to the full amount of statutory damages because the loss Martin sustained is incalculable and substantial, in fact, the most extreme form of copyright infringement possible: total destruction. Martin devoted an estimated 1,300 hours to the construction of Symphony # 1, a massive stainless steel sculpture, spanning a period of 2½ years on weekends and holidays. *See* Summ. Judg. Entry at 2, 17. The sculpture was well-regarded by art critics and the public (*see* Summ. Judg. Entry at 9–10), and its destruction caused the irreparable loss of an important part of Martin's artistic reputation and legacy. The magnitude of the loss alone supports an award of $20,000 to Martin.

In addition, the manner in which the City infringed Martin's rights under VARA, while not rising to the level of willful infringement, nevertheless exhibited a complete disregard for the City's contractual obligations to Martin under the Project Agreement as well as Martin's ownership claim in the sculpture. In this case, the City had no colorable claim to ownership or the right to destroy Symphony # 1. An award of full statutory damages also has strong deterrent value, informing the City that destruction of works of art like Symphony # 1 is not acceptable behavior under the law or in the eyes of the public.

---

1. Martin also contends that the Court should find willful infringement regardless of whether Martin gave the City notice of his rights under VARA because Martin had no opportunity to alert the City to the existence of his rights, as the City destroyed the sculpture without proper notice to Martin. *See* Plaint. Rep. Br. at 3. Thus, Martin argues that he should not be held to the requirement of notice. However, this contention, even if true, does not change the fact that the City must have had knowledge that it was infringing Martin's rights in order to be found a willful infringer under § 504(c)(2).

For these reasons, we award Martin statutory damages in the amount of $20,000 to compensate him for the destruction of Symphony # 1.

### Costs and Attorney's Fees

Martin also moves the Court to award in its discretion full costs, including reasonable attorney's fees, as provided in § 505. The statute states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The City opposes an award of costs and attorney's fees, asserting that this was a case of first impression· and that the parties vigorously litigated a novel and complex area of copyright law, citing other cases in which courts have chosen not to award damages because the issues were novel or complex. See Def. Resp. Br. at 16–17. Martin counters that many of the issues litigated in this case were addressed previously in *Carter v. Helmsley–Spear, Inc.,* 861 F.Supp. 303 (S.D.N.Y.1994) and 71 F.3d 77 (2d Cir.1995) and that of course a case of first impression occurs only once and thus should not preclude such an award on that basis alone. See Plaint. Rep. Br. at 8.

Despite the City's contention that the novelty and complexity of the issues involved in this case do not justify an award of attorney's fees to the prevailing party, we believe that the issues involved in this case were neither entirely new nor overly complex. While we concede that the case law interpreting VARA is relatively undeveloped, we were guided in our decision by the district and appellate courts' rulings in *Helmsley–Spear.* In addition, many of the legal arguments presented by the parties, including what constitutes a "work made for hire" and the transfer and waiver of VARA rights, are governed by basic agency and contract law. Thus, we believe there should be an award of attorney's fees despite the fact that VARA has not been widely litigated.

■ There is no rigid formula or rule for determining when to award attorney's fees and how much to award; such determinations lie within the equitable discretion of the court. See *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). The Supreme Court in *Fogerty* approved a nonexclusive list of factors that the court may consider in deciding when to award attorney's fees:

> frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.

*Fogerty,* 510 U.S. at 534–535, 114 S.Ct. at 1033 n.·19. In *Chi–Boy,* the Seventh Circuit held that a court may award attorney's fees "for reasons other than simply making the plaintiff whole, such as encouraging the assertion of colorable copyright claims and deterring infringement." *Chi–Boy,* 930 F.2d at 1230 (citing *Roulo v. Russ Berrie & Co.,* 886 F.2d 931, 942 (7th Cir.1989)).

■ We believe that an award to Martin of full costs, including reasonable attorney's fees, is warranted in this case. Although we have awarded Martin the full statutory damages available to him, we recognize that $20,000 does not compensate Martin fully for the complete loss of his artwork. While Martin did not seek actual damages, leaving beyond our knowledge the full value of Martin's loss, we are confident that the statutory maximum of $20,000 does not cover the loss caused by the City's destruction of a large-scale, unique sculpture like Symphony # 1. If we did not award costs and fees in plaintiff's favor, it would have the effect of reducing further the adequacy of the damages award. Thus, in the interests of compensating Martin for his loss to the extent reasonable, we will award reasonable attorney's fees. An award of attorney's fees is also warranted in this case to encourage artists like Martin to assert their VARA rights in court. In addition, we hope and expect that by awarding attorney's fees to Martin it will serve to deter municipalities and others from wantonly destroying works of art like Symphony # 1 in future development projects.

As Martin is still incurring costs and attorney's fees in this matter (*see* Plaint. Mot. at ¶ 9), we hereby order Martin to submit a bill of costs and affidavits from his attorneys, including detailed billing records, in order that we may determine the amount of costs and attorney's fees to be awarded. If the parties are able to reach a stipulated agreement on these matters, all the better. The submissions must be made within thirty (30) days from the date of this entry.[2]

It is so ORDERED.

---

**2.** In a separate motion, the City moves the Court to strike Martin's affidavit submitted in support of his motion for statutory damages and attorney's fees. However, we have not relied upon Martin's affidavit in determining the award of damages, and we do not find it necessary to reach this issue. Therefore, we *deny as moot* the City's motion to strike.