**AF HOLDINGS LLC, Plaintiff,**

v.

**Nicholas BOSSARD, Defendant.**

**Case No. 1:12–CV–1101.**

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 14, 2013.

Jonathan Wells Tappan, Jonathan W. Tappan PLLC, Troy, MI, for Plaintiff.

### ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

ROBERT J. JONKER, District Judge.

## I. FACTS

On October 8, 2012, AF Holdings LLC ("AF") sued Nicholas Bossard for infring-

ing its exclusive copyright to the film *Sexual Obsession.* AF claims that Bossard unlawfully obtained a copy of *Sexual Obsession* and then, without AF's authorization, used BitTorrent, an online file sharing protocol, to distribute portions of the film to thousands of people. (Compl., doc. # 1, at ¶ 1.) AF's Complaint alleges four counts against Bossard. Count I alleges that Bossard infringed AF's copyright by downloading *Sexual Obsession* from Bit-Torrent. (*Id.* at ¶¶ 25–35.) Count II alleged that Bossard infringed AF's copyright by distributing *Sexual Obsession* over BitTorrent. (*Id.* at ¶¶ 36–44.) Count III alleged that, by sharing his copy of *Sexual Obsession* with other BitTorrent users, Bossard contributed to those users' infringement of AF's copyright. (*Id.* at ¶¶ 45–52.) Count IV alleged that Bossard engaged in a civil conspiracy to infringe AF's copyright by using BitTorrent's peer-to-peer file distribution method to help other users illegally download *Sexual Obsession.* (*Id.* at ¶¶ 46–58.)

AF served Bossard with process on November 2, 2012. (Verified Return of Service, doc. # 5.) On November 30, 2012, Bossard not having appeared, AF moved for entry of a default against him. (Mot. for Entry of Default, doc. # 7, at 1.) The Clerk entered the default on January 2, 2013 and, twelve days later, AF filed the motion for default judgment now before the Court. (Default, doc. # 9; Mot. for Default J., doc. # 10.) In its Motion, AF requests $150,000 in statutory damages, $525 in attorney's fees, and $391.75 in costs. (Mot. for Default J., doc. # 10, at 9.) As of this Order, Bossard has still not responded to any of the filings in this case.

## II. ANALYSIS

█ Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true. *Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir.2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief"); *see also Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, (1st Cir.1985) ("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law."). Thus, by virtue of the Clerk's entry of a default against Bossard in this matter, AF has conclusively established that Bossard is liable on all four counts of AF's Complaint.

█ The mere fact of Bossard's liability, however, does not automatically entitle AF to a default judgment. Even after entry of default, the decision to grant a default judgment is within the Court's discretion. *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974); *see also* 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."). In determining whether to enter a default judgment, courts typically consider factors such as:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.

10A WRIGHT ET AL. at § 2685. Those factors all point toward granting AF's motion for a default judgment in this case.

■ The only remaining question, then, is the amount of the judgment. The owner of a copyright may collect either actual damages or statutory damages from an infringer. 17 U.S.C. § 504(a). In its Complaint, AF notified Bossard that it might pursue either actual damages or statutory damages. (Compl., doc. # 1, at 11.) AF has since chosen to seek statutory damages of $150,000, which is the maximum statutory damages award available in cases involving infringement of a single copyright. 17 U.S.C. § 504(c)(2). In the absence of wilfulness, the maximum statutory damages for infringing a single copyright are $30,000. *Id.* at § 504(c)(1). AF contends that a $150,000 award is appropriate because Bossard wilfully infringed its copyright. (Br. in Supp. of Mot. for Default J., doc. # 10–1, at 8.)

To recover the statutory maximum, AF must first prove that Bossard wilfully infringed its copyright. 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."). There are factual allegations in the Complaint—which the Court must now accept as true—that would support a finding that Bossard wilfully infringed AF's copyright. (Compl., doc. # 1, at ¶ 28 ("Defendant's conduct was wilful within the meaning of the Copyright Act: intentional and with indifference to Plaintiff's rights."); *id.* at ¶ 20 ("The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States."); *id.* at ¶ 37 ("Defendant knew of the infringement, was conscious of his own infringement, and . . . was fully conscious that his actions resulted in multiple other persons

derivatively downloaded [*sic*] the file containing Plaintiff's Video.").) But the factual record is necessarily sparse in the default judgment context, and simple conclusory assertions of wilful conduct are less persuasive than a finding based on a fully litigated record.

■ Moreover, merely proving wilfulness does not automatically entitle a copyright holder to the statutory maximum. The Court retains broad discretion to determine an appropriate damages figure in each case. *See* 17 U.S.C. § 504(c)(2) ("[T]he court *in its discretion* may increase the award to a sum of not more than $150,000.") (emphasis added); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 578 (6th Cir.2007). In exercising that discretion, courts typically consider factors such as the expenses saved and the profits reaped by the defendants in connection with the infringement and the revenues lost by the plaintiff as a result of the infringement. *See N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir.1992). As there is no evidence of how much money AF actually lost as a result of Bossard's infringement, the Court will also look to damage awards in other cases involving intentional copyright infringement by use of BitTorrent or other file-sharing protocols. In the vast majority of such cases, courts have found damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder. *See, e.g., Disney Enterprises, Inc. v. Delane*, 446 F.Supp.2d 402, 407 (D.Md.2006) (awarding statutory damages of $6,500 per infringement by defendant BitTorrent user); *Capitol Records, Inc. v. Mattingley*, 461 F.Supp.2d 846, 853 (S.D.Ill.2006) (awarding statutory damages of $750 per infringement for a total amount of $3,750); *Disney Enters. v. Farmer*, 427 F.Supp.2d 807, 817 (E.D.Tenn.2006) (awarding statu-

tory damages of $1,200 per infringement for a total award of $6,000); *UMG Recordings v. Adams,* No. 08–cv–534, 2008 WL 4516309, at *4 (S.D.Ill. Oct. 3, 2008) (awarding statutory damages of $750 per infringement for a total award of $6,000); *Warner Bros. Entertainment, Inc. v. Carsagno,* No. 06–CV–2676, 2007 WL 1655666, at *4 (E.D.N.Y. June 4, 2007) (awarding statutory damages of $6,000 for electronic downloading of copyrighted film); *Patrick Collins, Inc. v. Gillispie,* No. 11–cv–1776, 2012 WL 666001, at *3 (D.Md. Feb. 23, 2012) (awarding statutory damages of $6,000 per defendant BitTorrent user).

■ In this case, there is no obvious reason for departing from the standard statutory damage award applied by other district courts in BitTorrent file-sharing cases. The nature of BitTorrent is such that Bossard would not likely have reaped any profit from his infringement of AF's copyright, except for the comparatively small sum he saved by illegally downloading, rather than buying, his own copy of *Sexual Obsession.* And since there is no information about what other infringements occurred as a result of Bossard's actions, or whether those infringements would have occurred absent Bossard's infringement, there is no basis for imputing large numbers of subsequent illegal downloads to his conduct. Indeed, given the pervasiveness of illegal file-sharing on protocols like BitTorrent, it is hard to imagine that any one individual's conduct could cause $150,000 in revenue losses. An award in line with the actual awards in other cases is appropriate here. AF is entitled to statutory damages of $6,000, rather than the $150,000 it requests.

■ AF also requests $391.75 in costs and $525 in attorney's fees in this matter, figures supported by the Declaration of AF's attorney, Jonathan Tappan (doc. # 10–2). The Court has discretionary authority to award reasonable costs and attorney's fees. 17 U.S.C. § 505. The amount of costs and attorney's fees AF seeks is reasonable for the work done in this case. AF is, therefore, entitled to recover its full costs and attorney's fees—totaling $916.75—in addition to $6,000 in statutory damages.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant is **GRANTED ONLY TO THE EXTENT PROVIDED IN THIS ORDER.**

The Court will enter Judgment accordingly.