IMPULSIVE MUSIC, INC.,
et al., Plaintiffs,

v.

BRYCLEAR ENTERPRISES, LLC and
Brian J. Cleary, Defendants.

No. 06cv1213 (JBA).

United States District Court,
D. Connecticut.

April 5, 2007.

Michael T. McCormack, Tyler Cooper & Alcorn, Hartford, CT, for Plaintiffs.

### RULING ON PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT [DOC. # 14]

ARTERTON, District Judge.

On August 4, 2006, plaintiffs Impulsive Music, Inc., WB Music Corp., Hudson–Jordan Music, and You Make Me Sick I Make Music brought this suit for copyright infringement under the Copyright Act, 17 U.S.C. § 502(a), against defendants Bryclear Enterprises, LLC ("Bryclear") and Bryclear member Brian J. Cleary. Both defendants were served on August 9, 2006 [Docs. # # 6, 7], but no appearances were ever entered on their behalf. Upon plaintiffs' motion, the Clerk entered default pursuant to Fed.R.Civ.P. 55(a) on January 5, 2007. Plaintiffs now move for default judgment against Bryclear and Cleary [Doc. # 14] pursuant to Fed.R.Civ.P. 55(b)(2). For the reasons that follow, plaintiff's Motion will be GRANTED.

### I. Background

On this Motion for default judgment, the allegations in the Complaint are accepted as true, except those relating to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999); *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.").

The American Society of Composers, Authors and Publishers ("ASCAP"), a performing rights licensing organization, sent "numerous letters" and initiated "other contacts ... informing the Defendants of their liability under the United States Copyright Law" for "perform[ing] copyrighted music without permission during the hours that Defendants' establishment [Cleary's Restaurant & Pub in Waterbury, Connecticut] is open to the public for business and presenting musical entertainment." (Compl.¶¶ 12(a), (b).) Defendants never signed a license agreement or paid fees to ASCAP. (*Id.* ¶ 12(a).)

On May 9–10, 2006 and "at other times prior and subsequent thereto, [defendants] infringed the copyright [of ASCAP] composition[s] ... by giving public performances of the compositions on Defendants' premises." (*Id.* ¶ 10.) Among the pieces performed on the night of May 9 and into the early hours of May 10, 2006 were four copyrighted compositions of plaintiffs, all ASCAP members, which form the basis of the complaint: "Scenes from an Italian Restaurant" by Billy Joel, owned by Impulsive Music, Inc.; "The Old Apartment" by Steven Page and Ed Robertson, owned by WB Music Corp.; "Nobody Supposed to Be Here" by Montell Jordan and Schappel "Shep" Crawford, owned by Hudson–Jordan Music; and "Hunger Strike" by Christopher J. Cornell, owned by You Make Me Sick I Make Music. (*Id.* at Schedule A.)

## II. Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ., the clerk shall enter the party's default," after which, where the claim is other than for a sum certain, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(a), 55(b)(2).

## III. Discussion

### A. Injunctive relief

■ Under the Copyright Act, this Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a). In *Rodsongs v. D & S Entertainment, LLC,* No. 3:04cv1984 (DJS), 2005 WL 589321, 2005 U.S. Dist. LEXIS 3788 (D.Conn. Mar. 11, 2005), a copyright infringement case brought by ASCAP plaintiffs in which the defendants failed to appear, the court granted default judgment, awarded damages and fees and costs, and enjoined the defendants from publicly performing ASCAP compositions, finding "that injunctive relief is appropriate under these circumstances." *See also Chi–Boy Music v. Charlie Club, Incorp.,* 930 F.2d 1224, 1227 (7th Cir.1991). Here, given defendants' persistent unresponsiveness to ASCAP's advisories and its undisputed infringement of at least four ASCAP compositions on May 9, 2006, plaintiff is entitled to an injunction enjoining defendants Bryclear and Cleary and all persons acting under their direction, control, permission or authority from publicly performing, or causing, permitting, and aiding and abetting the public performance of compositions in the ASCAP repertory at Cleary's Restaurant & Pub, or in any place owned, controlled, or conducted by defendants without the permission of the copyright owner.

### B. Statutory damages

■ The owner of a copyright "may elect, . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, . . . in a sum of not less than $ 750 or more than $ 30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "Statutory damages are awarded when no actual damages are proven or they are difficult to calculate. . . . In making a statutory award, the court may consider the likelihood of profits and losses and may take into account the attitude and conduct of the parties," *Warner Bros. Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1126 (2d Cir.1989), as well as "the infringers' state of mind—whether wilful, knowing, or merely innocent," *N.A.S. Import, Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 252 (2d Cir.1992) (internal quotation marks and citation omitted). "The broad discretionary power given to courts to make such an award serves the dual purposes of the Copyright Act: to compensate copyright owners and to provide a deterrent for would-be infringers." *Walpole Woodworkers, Inc. v. Atlas Fencing, Inc.,* 218 F.Supp.2d 247, 252 (D.Conn. 2002) (internal citation omitted).

■ Plaintiffs seek $4,000 in statutory damages for each composition at issue, for a total of $16,000. Plaintiffs do not quantify any actual loss suffered or any profits made by defendants as a result of the alleged infringement, but plaintiffs do offer the affidavit of Douglas Jones, Manager of Litigation Services with the General Licensing Department of ASCAP, that if defendants' establishment had been "properly licensed by ASCAP for the period May 1, 2003 to December 31, 2006, Defendants would owe license fees of $3,090.25." (Jones Aff. [Doc. # 17] ¶ 13.) To reflect the important statutory purpose of the Copyright Act to discourage infringement,

and as defendants demonstrated wilfulness in ignoring ASCAP's licensing letters [1] and performing works requiring a license, but absent evidence of frequency of such infringement, and where the four protected works were among approximately 54 pieces documented as performed on May 9, 2006, the Court finds reasonable statutory damages of $2,500 per violation, for a total of $10,000.

## C. Attorney's fees and costs

 Plaintiffs also seek attorney's fees and costs pursuant to the Copyright Act, which provides: "the court in its discretion may allow the recovery of full costs by or against any party ... [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "Because the Copyright Act intended to encourage suits to redress infringement, 'fees are generally awarded to a prevailing plaintiff.' ... In deciding a reasonable attorney's fee, courts should 'consider the amount of work, the skill employed, damages at issue, and the result achieved.'" *N.A.S. Import, Corp.*, 968 F.2d at 252.

 Plaintiffs' counsel Michael T. McCormack has certified that his firm, Tyler Cooper & Alcorn, LLP, billed plaintiffs $1793.45 for attorney's fees and paralegal services (McCormack Aff. I [Doc. # 16] Ex. A), and that plaintiffs incurred $534 in costs allowable under 17 U.S.C. § 505 (Mccormack Aff. II [Doc. # 18]). In addition, ASCAP paid an independent investigator $454.92 to document the songs performed via karaoke and an unidentifiable mechanical source at defendants' es-

tablishment on May 9–10, 2006. (*Id.* at Ex. B; Jones Aff. ¶ 9.) Thus, plaintiffs claim a total of $2782.37 in attorney's fees and costs, which appear reasonable and will be awarded in full.

## IV. Conclusion

Accordingly, plaintiffs' Motion for Judgment by Default [Doc. # 14] is GRANTED, and judgment in favor of plaintiffs and against defendants shall enter in the total amount of $12,782.37.

Further, IT IS HEREBY ORDERED that defendants and all persons acting under their direction, control, permission or authority are enjoined from publicly performing, or causing, permitting, and aiding and abetting the public performance of compositions in the ASCAP repertory at Cleary's Restaurant & Pub, or in any place owned, controlled, or conducted by defendants without the permission of the copyright owner.

The Clerk is directed to close this case.

IT IS SO ORDERED.

1. In May 2003, ASCAP wrote defendants, offering the "ASCAP blanket license, which for one annual fee, [would] cover[ ][its] use of all the music in [the ASCAP] repertory." (May 20, 2003 Letter, Jones Aff. [Doc. # 17] Ex. A.) Thereafter, ASCAP sent 17 more letters between June 11, 2003 and April 11, 2006 to "Mr. Brian Cleary / Bryclear Enterprises LLC / Cleary's Restaurant & Pub" and also contacted defendants by phone, advising them *inter alia* of their "need to obtain a license to lawfully present the copyrighted musical works of [ASCAP] members" and enclosing a license agreement for defendants' signature. (Letters, Jones Aff. Ex. A.)