**ADOBE SYSTEMS INC. and Microsoft Corp., Plaintiffs,**

v.

**Michael FEATHER, individually, and d/b/a "Solomon Solutions" and "solomonsolutions.info," Defendants.**

No. 3:11–cv–1513 (SRU).

United States District Court, D. Connecticut.

Sept. 18, 2012.

7. Document no. 70.

8. Document no. 71.

9. Document no. 72.

Brian C. Roche, Gerald C. Pia, Jr., Roche Pia LLC, Shelton, CT, for Plaintiffs.

### RULING ON MOTION FOR DEFAULT JUDGMENT

STEFAN R. UNDERHILL, District Judge.

Plaintiffs Adobe Systems Incorporated and Microsoft Corporation (collectively, "plaintiffs") brought this action against defendants Michael Feather, d/b/a "Solomon Solutions" and "solomonsolutions.info" (collectively, "Feather"), alleging software piracy in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.* ("Copyright Act") and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* ("DMCA") (doc. # 1). Feather was duly served with the summons and complaint, and the executed return of service was filed with this court (doc. # 10). However, Feather neither appeared nor took any action in this case. On October 31, 2011, Plaintiffs filed a motion for default entry in accordance with Rule 55(a) of the Federal Rules of Civil Procedure (doc. # 11). The court granted the motion on November 14, 2011, and entered a default (doc. # 12). Plaintiffs have now filed a motion for default judgment, seeking statutory damages, a permanent injunction, and attorneys' fees and

costs (doc. # 15). As explained below, plaintiffs' motion for default judgment (doc. # 15) is GRANTED in substantial part.

## I. Standard of Review

 Federal Rule of Civil Procedure 55 establishes a "two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir.2011) (internal quotation omitted). The first step is entry of a default under Rule 55(a), which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* The second step is entry of a default judgment under Rule 55(b), which "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by [Federal Rule of Civil Procedure] 54(c)." *Id.*

Under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). As the Second Circuit has explained, "[b]y limiting damages to what is specified in the 'demand for judgment,' [Rule 54(c)] ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer." *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir.2007).

## II. Discussion

### A. *Liability*

 Upon entry of a default, the court accepts as true all of the factual allegations of the complaint, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992). The complaint (doc. # 1) alleges the following facts.

Plaintiffs are in the business of designing, developing, manufacturing, publishing, marketing, distributing, and licensing computer software programs recorded on various media for use on personal computers. Compl., at ¶¶ 7, 13, and 19. Plaintiffs are the owners of federally-registered copyrights for the following software programs at issue in this case:

| Software | Registration Number |
| --- | --- |
| Adobe Creative Suite 3 Master Collection | TX0006457918 |
| Adobe Acrobat 9 Pro | TX0006861289 |
| Adobe After Effects CS3 Professional | TX0006457851 |
| Adobe Contribute CS3 | TX0006531602 |
| Adobe Dreamweaver CS3 | TX0006534561 |
| Adobe Encore 3.0 | TX0006457838 |
| Adobe Fireworks CS3 | TX0006531654 |
| Adobe Flash CS3 | TX0006534604 |
| Adobe Illustrator CS3 | TX0006531603 |
| Adobe InDesign CS3 | TX0006528610 |
| Adobe Photoshop CS3 Extended | TX0006528612 |
| Adobe Premiere Pro CS3 | TX0006534535 |
| Adobe Soundbooth CS3 | TX0006457903 |
| Adobe Creative Suite 5 Master Collection | TX0007269689 |
| Adobe Acrobat X Pro | TX0007358035 |

| | |
|---|---|
| Adobe After Effects CS5 | TX0007270589 |
| Adobe Contribute CS5 | TX0007270592 |
| Adobe Dreamweaver CS5 | TX0007270593 |
| Adobe Fireworks CS5 | TX0007270908 |
| Adobe Flash Builder 4 | TX0007233609 |
| Adobe Flash Catalyst CS5 | TX0007270583 |
| Adobe Flash Professional CS5 | TX0007270587 |
| Adobe Illustrator CS5 | TX0007270588 |
| Adobe InDesign CS5 | TX0007268512 |
| Adobe Photoshop CS5 Extended | TX0007285454 |
| Adobe Premiere Pro CS5 | TX0007270594 |
| Adobe Soundbooth CS5 | TX0007268517 |
| Microsoft Windows 7 | TX0007009361 |

*Id.* ¶ 13, 19; Exs. A and B (hereinafter, the "Software Programs").

Feather advertises and distributes software and related products via the internet and other means to consumers throughout the United States, including Connecticut. *Id.* ¶ 25. In the course of his business activities, Feather has, without authorization, reproduced, offered for sale, sold, and distributed pirated copies of plaintiffs' copyrighted Software Programs via the internet, including oneBay.com and through Feather's own business website, solomonsolutions.info. *Id.* ¶ 27–28. A number of the infringing copies distributed by Feather were in the form of homemade (or "burned") DVD + R media, with the titles handwritten in marker. *Id.* ¶ 27. Feather has also trafficked in and/or sold product keys or serial numbers which are designed to circumvent Plaintiffs' copyright protec-

tion measures. *Id.* ¶ 39. At least some of Feather's unlawful transactions related to the Software Programs were directed at the state of Connecticut.

These facts, which the court deems admitted, establish Feather's liability in this case. "There are two elements to every claim of copyright infringement: (1) possession of a valid copyright, and (2) copying of those elements of the work that are copyrightable." *RBC Nice Bearings, Inc. v. Peer Bearing Co.,* 676 F.Supp.2d 9, 20 (D.Conn.2009) (quoting *Key Publ'ns, Inc. v. Chinatown Today Pub. Enters., Inc.,* 945 F.2d 509, 514 (2d Cir.1991)). Here, plaintiffs have established that Feather is liable for copyright infringement: (1) the plaintiffs possessed valid copyrights for the twenty-eight[1] Software

1. In their motion for default judgment, plaintiffs also claim statutory damages for five additional copyrights held by Microsoft Corporation that were not mentioned in the complaint. *See* Mot. for Default J. (doc. # 16), at 7–8. Plaintiffs aver that test purchases conducted subsequent to the filing of the complaint revealed that Feather infringed on these additional copyrights as well. *Id.* However, the complaint against which Feather declined to defend contains no reference whatsoever to these additional copyrights, and plaintiffs are not entitled to judgment by default on allegations that were never raised in the complaint. *See* Fed. R.Civ.P. 54(c) ("[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see*

*also Silge,* 510 F.3d at 159 ("[T]he defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.") (quotation omitted). The calculation of statutory damages in this case is therefore limited to the twenty-eight copyrights identified in the complaint.

Programs identified in the complaint; and (2) Feather infringed on those copyrights by marketing, selling, and distributing unauthorized copies of the software.

■ Similarly, the admitted facts establish that Feather is liable for violations of the anticircumvention provisions of the DMCA. The DMCA provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A). "To 'circumvent a technological measure' is defined, in pertinent part, as 'to descramble a scrambled work or otherwise to bypass a technological measure, without the authority of the copyright owner.'" *Universal City Studios, Inc. v. Corley,* 273 F.3d 429, 440–41 (2d Cir.2001) (quoting 17 U.S.C. § 1201(a)(3)(A) (internal alterations omitted)). In this case, the serial numbers and product keys marketed and distributed by Feather were primarily designed and produced for the purpose of circumventing the activation and validation features of the plaintiffs' software in violation of section 1201(a)(2).[2]

■ Plaintiffs have also established the willfulness of Feather's copyright violations. In support of their motion for

default judgment, plaintiffs submitted an affidavit from Jonathan Berroya, director of global internet enforcement for the Business Software Alliance. *See* Dec. of Jonathan Berroya (doc. # 17). Berroya investigated Feather's business operations and confirmed through test purchases that Feather was marketing and distributing counterfeit versions of plaintiffs' Software Programs, and using unauthorized product keys and serial numbers to facilitate these transactions. *Id.* ¶ 2. Based on Berroya's testimony, the court can reasonably infer that Feather's infringement was willful. Additionally, even in the absence of such testimony, the willfulness of Feather's infringement may be established by virtue of his default. *See All–Star Mktg. Grp., LLC v. Media Brands Co.,* 775 F.Supp.2d 613, 621 (S.D.N.Y.2011) ("Defendants have defaulted ... and by virtue of their default are deemed to be willful infringers."); *AW Indus., Inc. v. Sleep Well Mattress, Inc.,* 2009 WL 485186, at *4 (E.D.N.Y. Feb. 26, 2009) (defendant "has defaulted in this case, which deems it a willful infringer").

### B. *Statutory Damages*

■ Under section 504(c)(1), the owner of a copyright may elect to recover statutory damages instead of actual damages and profits. *See* 17 U.S.C. § 504(c)(1).[3] Statutory damages are avail-

---

**2.** Section 1201(a)(2) provides:
No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that—
(A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title;
(B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or
(C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively

controls access to a work protected under this title.
17 U.S.C. § 1201(a)(2).

**3.** 17 U.S.C. § 501(c)(1)-(2) provides, in relevant part:
(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of

able even in the absence of proof of actual damages. *See Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 403 (2d Cir.1989) ("[C]opyright plaintiffs may elect at any time before final judgment to receive statutory damages under Section 504(c), a method useful where proof of actual damages or profits is insufficient."). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).[4] "The broad discretionary power given to courts to make such an award serves the dual purposes of the Copyright Act: to compensate copyright owners and to provide a deterrent for would-be infringers." *Walpole Woodworkers, Inc. v. Atlas Fencing, Inc.*, 218 F.Supp.2d 247, 252 (D.Conn.2002) (internal citation omitted).

In this case, Plaintiffs have elected to recover statutory damages for Feather's willful infringement and seek the maximum statutory damages of $150,000 for each registered copyright.[5] In determining the amount of statutory damages, courts have considered factors such as "the expenses saved and profits reaped by the defendant, the revenues lost by the plaintiff, the value of the copyright, the deterrent effect a damage award will have on others besides the defendant, whether defendant's conduct was innocent or willful, whether the defendant cooperated in providing records from which to assess the value of the infringing material produced, and the potential for discouraging the defendant from future violations." *Scholz Design, Inc. v. New Horizons Dev., LLC*, 2009 WL 1043870, at *1 (D.Conn. Apr. 13, 2009) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir.1986)).

▆▆▆ Having carefully considered these factors, the Court concludes that, based on Feather's willful infringement, statutory damages in the amount of $90,000 for each of the twenty-eight copyrights identified in the complaint is appropriate in this case. Plaintiffs are therefore entitled to a total award of $2,520,000 in damages.

### C. Permanent Injunction

▆▆▆ Under the Copyright Act, the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *see also London–Sire Records v. Armstrong*, 2006 WL 2349615, at *2 (D.Conn. July 28, 2006). The criteria for the issuance of a permanent injunction requires a plaintiff demonstrate: "(1) that it has suffered an irreparable injury; (2) that reme-

---

this subsection, all the parts of a compilation or derivative work constitute one work. (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

**4.** If a court finds that a defendant committed innocent infringement, "the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). However, a defaulting defendant cannot sustain his burden of proving innocent infringement. *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990).

**5.** Plaintiffs do not seek separate damages for their DMCA claim, nor could they. *See Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir.1995) ("A plaintiff seeking compensation for the same injury under different legal theories is of course entitled to only one recovery."); *see also Tu v. TAD Sys. Tech. Inc.*, 2009 WL 2905780, at *5 (E.D.N.Y. Sept. 10, 2009) ("Plaintiffs are not entitled to duplicative statutory damages under the Copyright Act, DMCA, and the Lanham Act.").

dies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

 Here, plaintiffs have suffered irreparable injury based on Feather's piracy of the Software Programs. Although the money damages provided for above serve as a significant penalty, they are likely inadequate to prevent future piracy without additional injunctive relief. Moreover, the only hardship Feather will suffer from this injunction will be to prevent him from engaging in further illegal activity, so the balance of the equities clearly weighs in plaintiffs' favor. Lastly, the public interest is served by an injunction that protects copyrights and helps enforce federal law.

Thus, the court concludes that the criteria for a permanent injunction have been met and hereby orders that Feather be permanently enjoined from: (1) directly infringing, and/or contributorily or vicariously infringing, or improperly inducing the direct infringement of, plaintiffs' copyrighted Software Programs; and (2) manufacturing, offering, distributing, providing or trafficking in unauthorized serial numbers/product keys, or any other items or devices that (a) are primarily designed or produced for the purpose of circumventing activation and/or validation features of plaintiffs' Software Programs, (b) have only limited commercially significant purpose or use other than to circumvent plaintiffs' activation and/or validation features, or (c) are marketed for use in circumventing plaintiffs' activation and/or validation.

## D. *Attorneys' Fees and Costs*

 Additionally, plaintiffs seek an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505, which provides that the court in its discretion "may allow the recovery of full costs ... and may also award a reasonable attorney's fee to the prevailing party as part of the costs." "Because the Copyright Act is intended to encourage suits to redress infringement, 'fees are generally awarded to a prevailing plaintiff'.... In deciding a reasonable attorney's fee, courts should 'consider the amount of work, the skill employed, damages at issue, and the result achieved.'" *Impulsive Music, Inc. v. Bryclear Enters., LLC*, 483 F.Supp.2d 188, 191 (D.Conn. 2007) (quoting *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir.1992)). Courts also "routinely award costs to the prevailing party in copyright cases." *Arclightz and Films Pvt. Ltd. v. Video Palace Inc.*, 303 F.Supp.2d 356, 365 (S.D.N.Y.2003) (citations omitted).

 In light of the willfulness of Feather's infringement, an award of attorneys' fees is appropriate. *See Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269 F.Supp.2d 118, 124 (W.D.N.Y. 2002). Having reviewed the declaration of Gerald Pia, Esq. and its accompanying exhibits detailing the professional hours spent and costs associated with this action, *see* Dec. of Gerald Pia in Support of Mot. for Default J. (doc. # 18), the court finds that Feather is liable for and shall pay to plaintiffs $7,279.20, representing the costs of this action and the reasonable attorneys' fees incurred by plaintiffs through December 31, 2011.

## III. Conclusion

Plaintiffs' motion for default judgment (doc. # 15) is GRANTED in substantial part. The court hereby orders and de-

crees that plaintiffs are entitled to the injunctive relief provided herein, and that judgment shall be entered in favor of plaintiffs in the amount of $2,527,279.20.

It is so ordered.