08-2838-cv
Bauer v. Yellen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

------------------------------------------------------------------------

CHRISTINA BAUER,

*Plaintiff-Appellant,*

v.                                                                  No. 08-2838-cv

LINDA YELLEN, KECKINS PROJECTS, LTD.,

*Defendants-Appellees.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:  CHRISTINA BAUER, *pro se*, New York, New York.

APPEARING FOR APPELLEES:  MICHAEL A. CORNMAN, Schweitzer Cornman Gross & Bondell LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the April 25, 2008 judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED.

Plaintiff Christina Bauer appeals pro se from an award of attorney's fees in favor of defendants initially granted on April 25, 2008, and finalized in an order entered on August 6, 2008.[1] We review an award of attorney's fees for abuse of discretion. See Farbotko v. Clinton County of N.Y., 433 F.3d 204, 208 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Under the Copyright Act, see 17 U.S.C. § 505, "the award of attorney's fees is within the sound discretion of the court." N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 253 (2d Cir. 1992). There is "no precise rule or formula" for determining when such an award is merited. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (internal quotation marks omitted). Instead, "equitable discretion should be exercised in light of the [relevant] considerations," which include "frivolousness, motivation, objective unreasonableness (both

_____

[1] Bauer's notice of appeal was taken from the district court's judgment granting summary judgment and an unspecified amount of attorneys' fees to defendants. In October 2008, however, this Court dismissed the appeal to the extent that it challenged the grant of summary judgment because that portion of the appeal lacked an arguable basis in law or fact. See U.S.C.A. Dkt. No. 08-2838-cv, entry at 12/15/08. We will construe Bauer's September 3, 2008 motion for appointment of counsel in this Court to be a notice of appeal from the district court's August 6, 2008 order finalizing the amount of the fee award, because it was clear that Bauer intended to appeal the fee award. See Sahu v. Union Carbide Corp., 548 F.3d 59, 65-66 (2d Cir. 2008).

in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 & n.19 (internal quotation marks omitted); accord Crescent Publ'g Group v. Playboy Enters., Inc., 246 F.3d 142, 147 (2d Cir. 2001).

In awarding defendants attorney's fees, the district court explicitly considered the Fogerty factors. It concluded not only that Bauer had been "preoccup[ied] with collateral issues and frivolous discovery disputes" during the course of the litigation, Bauer v. Yellen, 548 F. Supp. 2d 88, 96 (S.D.N.Y. 2008), but also that her claims of copyright infringement were objectively unreasonable given that (1) defendant Linda Yellen had registered five different versions of the allegedly infringing script with the Writers Guild of America before ever reviewing Bauer's script, see id. at 94; and (2) "A Rose Is a Rose Is a Rose," Bauer's script about the relationship between Gertrude Stein and Alice B. Toklas, and "The Hive," defendants' script about five male artists living in a Paris tenement, were so obviously different that no reasonable juror could conclude that they contained similarities probative of copying, see id. at 95-96. In light of our observation that "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted," Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001), this record manifests no "erroneous view of the law or . . . clearly erroneous assessment of the evidence," In re Sims, 534 F.3d 117, 132 (2d Cir. 2008), sufficient to support the conclusion that the district court abused its discretion in awarding fees.

3

While we are mindful that attorney's fees should only rarely be awarded against plaintiffs proceeding pro se, such an award is appropriate where, as here, the district court's determination that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," finds support in the record. Hughes v. Rowe, 449 U.S. 5, 15 (1980) (internal quotation marks omitted). Nevertheless, our review of the record indicates that defendants' briefing below relies on ad hominem attacks not relevant or helpful to the court's expeditious resolution of the dispute, which attacks necessarily augmented the fee demand.[2] Accordingly, we vacate the portion of the

---

[2] The record is replete with such attacks, particularly during discovery. We cite only a few examples:

- "Ms. Bauer's [May 21 letter to the Court] is of a kind with her reckless initiation and malicious prosecution of her baseless lawsuit, namely it is tainted by her dishonesty, deviousness, and disingenuousness." Def's Response to Ptf's Excuses for Disobedience of Court Orders (ROA Doc. # 18, at 2).

- "Ms. Bauer's shameless begging for the sympathy of the court on the grounds that she is a pro se litigant 'in over her head' is a devious attempt to avoid the consequences of her arrogant disregard of three unequivocal Orders of the Court." Def's Response to Ptf's Excuses for Disobedience of Court Orders (ROA Doc. # 18, at 3).

- "Every minute this case remains undismissed by you is an affront to the legal system and due process. We insist on meeting face-to-face IMMEDIATELY, as ordered, to explain to you why you have no case, why you are likely to be assessed our client's attorneys' fees, and why you should be held in contempt. You ignore our demand and

4

district court's order finalizing the amount of the fee award and remand for the court to reduce the total fee by deleting amounts incurred in mounting ad hominem attacks.

We have considered Bauer's remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

the Court Order at your great peril. You are right only about one thing, you are in 'way over your head.'" May 21, 2007 Email from Def. Counsel to Bauer (ROA Doc. # 19, Ex. 1).

- "Your refusal to meet up to NOW after you have had the ample opportunity to confirm that you have NO CASE is a violation of the May 2 Order for which we will seek sanctions including DISMISSAL, CONTEMPT, and the AWARD OF DEFENDANTS' ATTORNEY'S FEES." May 22, 2007 Email from Def. Counsel to Bauer (ROA Doc. # 19, Ex. 2).

- "Ms. Bauer has pursued this case blindly, recklessly, vindictively, maliciously and without a shred of evidence to support her wild and deluded claim of copyright infringement. . . . Ms. Bauer's opposition papers mirror the nasty, mean-spirited approach she has taken in prosecuting this matter." Def's Reply on MSJ, at 8-9 (filed Nov. 9, 2007).

5