10-3686-cv
Bauer v. Yellen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of September, two thousand eleven.

PRESENT:

DENNIS JACOBS,
        *Chief Judge,*
ROBERT A. KATZMANN,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

**Christina Bauer,**
        *Plaintiff-Appellant,*

    **v.**                                      **10-3686-cv**

**Linda Yellen, Keckins Projects Ltd.,**
        *Defendants-Appellees.*[1]

_____

| FOR PLAINTIFF-APPELLANT: | Christina Bauer, *pro se*, New York, NY. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Michael A. Cornman, Ladas & Parry LLP, New York, NY. |

---

[1] The clerk of the court is directed to amend the caption of the case consistent with the above caption.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In *Bauer v. Yellen*, 375 Fed. Appx. 154 (2d Cir. 2010) ("*Bauer I*"), we concluded that the district court did not err in awarding attorneys' fees to defendants following its dismissal of plaintiff's frivolous claims. *Id.* at 156. Nonetheless, we vacated the portion of the district court's order awarding fees and remanded for the district court to "reduce the total fee by deleting amounts incurred in mounting *ad hominem* attacks." *Id.* at 156–57. On remand, the district court reduced the fee award by 10% to account for time expended in producing the offending statements. We affirm.

Our review of an award of attorneys' fees is highly deferential, and only for abuse of discretion. *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 146 (2d Cir. 2001). "We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). However, "a district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law, or on a clearly erroneous assessment of the evidence." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (alterations, citations, and internal quotation marks omitted).

Bauer argues that the 10% reduction was arbitrary.  However, the district court gave Bauer two opportunities to "identify by marking with specificity . . . those portions of defendants' submissions which a reasonable person would view as personal attack[s]."  Bauer's responses largely ignored that directive and argued instead for a fee reduction based upon discovery issues that she unsuccessfully litigated in her first appeal.  Defendants' responses were equally unhelpful.  Under the circumstances, the district court did not abuse its discretion by using 10% as a fair approximation of the amount of fees associated with the *ad hominem* attacks based upon its evaluation of the offending comments in the context of the litigation.

We have considered Bauer's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk